MINNIE B. WILSON *vs.* ABBIE WILSON.

Cumberland.    Opinion October 27, 1916.

*Chapter 33, Public Laws of Maine, 1913, interpreted. In actions against parents, rule of law as to right to show what motive guided in advising the separation of husband and wife.*

Action brought by a married woman under the provisions of Chapter 33, Public Laws of 1913, against her husband's mother for alienating the affections of her said husband.   Motion by defendant to set aside verdict.

*Held;*

1. In actions brought by the husband against the wife's parents for alienation of affections, the parent may not with hostile, wicked or malicious intent break up the relations between his daughter and her husband, yet he may advise his daughter, in good faith, and for her good, to leave her husband, if he, on reasonable grounds, believes that the further continuance of the marriage relation tends to injure her health, or to destroy her peace of mind, so that she would be justified in leaving him; and if the parent acts in good faith, for the daughter's good, upon reasonable grounds of belief, he is not liable to the husband.

2. The same rule applies in actions brought by the wife, under the above statute.

3. Applying this rule to the evidence in this case the verdict of the jury is so manifestly wrong that justice requires that it be set aside.

Action on the case brought by plaintiff to recover damages for alienation of the affections of her husband, defendant being his mother.   Defendant pleaded general issue.   Verdict for plaintiff in the sum of five hundred dollars.   Defendant filed motion for new trial.   Motion sustained.   New trial granted.

Case stated in opinion.

*Harry E. Nixon, and Jacob H. Berman,* for plaintiff.

*Carroll W. Morrill,* for defendant.

SITTING:   SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

PHILBROOK, J.   This is an action brought by a married woman to recover damages for alienation of the affections of her husband. The defendant is the mother of that husband.   The right to bring such action is founded upon the provisions of chapter 33 of the Public Laws of 1913.   Prior to the enactment of those provisions a wife could not maintain such an action in this State, *Morgan* v. *Martin,* 92 Maine, 190, although it was held differently in some jurisdictions.   So much of the act as applies to the case at bar reads thus: "Whoever   .   .   .   alienates the affections of the husband of any married woman, or by any arts, enticements, and inducements deprives any married woman of the aid, comfort and society of her husband, shall be liable in damages to said married woman in an action on the case brought by her within three years after the discovery of such offense."

The plaintiff recovered a verdict and the defendant, by the customary motion, seeks to have that verdict set aside.   At the outset counsel are at variance as to whether in suits brought under this new statute courts and juries are to enquire into the privileges and motives of parental affection, and the parental demeanor of the parent toward the child.   The position of the defendant is that in every suit of this character, that is to say, when the defendant is a parent, whether father or mother, and whether the plaintiff is husband or wife, the prime inquiry is, from what motive did the parent act?   Was it malicious, or was it inspired by a proper parental regard for the welfare and happiness of the child?   On the other hand the plaintiff urges that in this State a married woman could not bring any suit for the alienation of her husband's affections prior to the enactment of the statute above referred to, that the statute is in derogation of the common law and should hence be construed strictly, and that we should therefore disregard the questions of malice, privileges and motives of parental affection, and parental demeanor of the parent toward the child.   In support of his contention plaintiff's counsel quotes the terms of the statute "Whoever   .   .   .   alienates the affections of the husband of any married woman," etc., and says that this language is to be taken so literally as to preclude the contention of the defendant as to parental rights.

In *Oakman* v. *Belden,* 94 Maine, 280, a suit for alienation of affection of the wife brought by the husband against both father and mother of the wife, no distinction was made or claimed between the parental rights of a father or a mother to advise or properly influence the child to leave her husband's home. And it was there held that although a parent may not with hostile, wicked or malicious intent break up the relations between his daughter and her husband, yet he may advise his daughter, in good faith, and for her good, to leave her husband, if he, on reasonable grounds, believes that the further continuance of the marriage relation tends to injure her health, or to destroy her peace of mind, so that she would be justified in leaving him; and the court there held that if the parent acts in good faith, for the daughter's good, upon reasonable grounds of belief, he is not liable to the husband. This doctrine is well supported by the authorities, many of which are referred to and discussed in the case just cited.

Is there anything in reason and good conscience why these principles and limitations should not obtain in an action brought by the wife under this recent statute? We are of opinion and so hold, that the question should be answered in the negative. The courts of Massachusetts have so held in a very recent case, *Lanigan* v. *Lanigan,* 222 Mass., 198, where the wife was plaintiff. In *Hossfield* v. *Hossfield,* 188 Fed. Rep., 61, a wife brought action against her husband's mother for the same cause set up in the case at bar. It was there held that if the jury found that the separation was brought about by the acts of the mother, the question was, did the mother act with malice or from proper parental regard. If the latter then no liability attached against her. The great weight of authority is along the same line and further citation seems unnecessary.

Applying these principles to the case at bar we have carefully studied the evidence to ascertain whether the jury was justified in finding a verdict for the plaintiff. It seems to be established beyond reasonable controversy that the husband's health was poor, and that that marital intercourse tended seriously to aggravate his physical troubles. There is much testimony to show that the mother had good cause to believe that her boy should live apart from his wife for this and other reasons. We fail to discover that the defendant

has acted with malice in the premises. We must conclude therefore that the verdict was manifestly wrong and that justice requires that it be set aside.

*Motion for new trial granted.*